IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| In re: | : | MDL Docket No. 4:03CV1507-WRW |
|---|---|---|
| | : | 4:03CV00714-WRW |
| PREMPRO PRODUCTS LIABILITY LITIGATION | : | |
| | : | |
| MARY ANNE BRYANT, *et al.* | : | PLAINTIFFS |
| v. | : | |
| WYETH, INC., *et al.* | : | DEFENDANTS |

**ORDER**

Pending is Defendants' Motion to Sever PPO-9 Plaintiffs Before Remand (Doc. No. 10). Plaintiffs have responded[1] and Defendants have replied.[2] After reviewing this case, I believe that the Complaint violates my numerous orders on multi-plaintiff complaints, as well as the Federal Rules of Civil Procedure. Accordingly, Defendants' Motion is GRANTED.

Under Rule 21 of the Federal Rules of Civil Procedure, Plaintiff Hallie Eichelberger,[3] is DROPPED from this civil action as follows:

(1) Plaintiff Eichelberger has 30 days from the date of this Order to file a new, individual complaint in a proper venue. The complaint should be served in accordance with the Rules of Civil Procedure.

(2) It seems to me that it would be meet and proper if counsel for the respective parties would meet and confer[4] regarding the court in which this case might be refiled. This observation is, of course, hortatory vice mandatory.

---

[1] Doc. Nos. 12, 13.

[2] Doc. No. 14.

[3] William D. Bryant, Successor Interest to Mary Anne Bryant, will remain in the original lawsuit. However, within 40 days of the date of this Order, he must cure the complaint to remove any unnecessary defendants.

[4] By telephone, if not in the flesh.

1

(3) If Plaintiff Eichelberger does not file new civil actions within the 30 day period, her case will be considered dismissed without prejudice without further order of the Court.

(4) Plaintiff Eichelberger is deemed to have ongoing MDL No. 1507 actions in this Court for all purposes for 30 days after the date of this Order or until the filing of her new complaint in the appropriate venue -- whichever is first.

(5) For the application of statutes of limitations, laches, or other time-bar laws, the filing date of a newly filed action based on this Order will be deemed to relate back to the date that Plaintiff Eichelberger originally filed her complaint -- insofar as the new complaint alleges only the claims alleged in the original complaint and joins only the defendants named (or fewer) in the original complaint, or the successors of such original defendants.

(6) Counsel is directed to promptly notify the MDL Panel of the new case number designated to the case in the receiving district.

(7) The Clerk of the Court is directed to send a contemporaneous copy of this Order to the MDL panel.

(8) Since the parties have indicated that Plaintiff Eichelberger no longer needs to be consolidated in MDL No. 1507 (*e.g.*, all consolidated discovery has been completed in her case), if Plaintiff Eichelberger commences a new action, she must promptly file a statement with that court indicating that the case is not appropriate for transfer to MDL No. 1507, because: (1) the plaintiff was previously a party in that multidistrict litigation (specifically, in Case No. 4:03CV00714-WRW); and (2) the presiding judge in MDL No. 1507 determined that the continued inclusion of the plaintiff's claims in the multidistrict litigation was no longer warranted. A copy of this Order must be attached to that statement.

IT IS SO ORDERED this 20th day of January, 2010.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE